IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **FIDELITY BANK,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    CIVIL ACTION 15-0031-WS-M |
| | ) |
| **KEY HOTELS OF BREWTON, LLC,** *et al.***,** | ) |
| | ) |
|     **Defendants.** | ) |

**ORDER**

      This matter comes before the Court on Defendants' Status Report (doc. 25) filed on May 11, 2015, as well as plaintiff's Response (doc. 26) and defendants' Reply (doc. 28) to same.

      On April 13, 2015, the undersigned entered an Order (doc. 24) holding in abeyance Fidelity Bank's Renewed Motion for Appointment of Receiver pending a status report by defendants to apprise the Court and opposing counsel of the progress of defendants' ongoing efforts to secure Hilton franchise approval and funding for the Brewton hotel property that is the focal point of this litigation.

      In their timely Status Report submitted last week, defendants, Key Hotels of Brewton, LLC, and Anand Patel, furnished specific facts detailing the present status of the franchising and loan applications.  With regard to the potential Hilton franchise agreement, defendants document various meetings and site visits involving Hilton executives, identify the general contractor that Patel has selected as general contractor for the hotel project if and when Hilton agrees to flag the Brewton property as a Hampton Inn, and generally expresses confidence that a Hilton approval letter may be forthcoming "at any time."  On the financing side of the equation, defendants indicate that Patel is pursuing a loan application with Trustmark Bank, that all requested documents and information have been submitted, and that Trustmark is simply awaiting Hilton approval of the franchise agreement before committing to the loan.

      Plaintiff's reaction to this Status Report is to propose that (a) the status quo remain in place for another 30 days, subject to (b) defendants providing weekly written reports to plaintiff

and (c) defendants submitting "a commitment letter from a reliable funding source within thirty (30) days with closing to occur not more than thirty (30) days after the obtaining of said commitment." (Doc. 26, at 1-2.)  Defendants agree to (a) and (b), but not (c), given the uncertainties of the timing of the Hilton franchise approval, which is a necessary prerequisite to Trustmark moving forward with the loan.

Upon review of these materials, the Court is satisfied that defendant Patel is working diligently and in good faith to procure the hotel franchise approval and financing that are needed to resuscitate the Brewton hotel property and repay defendants' debt to plaintiff, Fidelity Bank.  Moreover, all indications from the specific facts delineated in the Status Report are that defendants' plans are neither far-fetched nor speculative.  The Court has no reason to believe that defendants are acting for the purpose of delay, much less that they are simply forestalling the inevitable failure of the project, appointment of a receiver, and sale of the asset, potentially at a deep discount.  Of course, it remains a possibility that those plans may not bear fruit.  Hilton may not approve the franchise agreement or Trustmark Bank may not approve the loan; however, both of those approval processes appear to be on track.  Also of substantial importance, Fidelity Bank does not appear to be incurring incremental, additional harm at this time.  Under the circumstances, the Court concurs with the parties that the status quo should remain in place for an additional 30 days, during which defendants should supply weekly written status reports to Fidelity Bank.

That said, the Court declines Fidelity Bank's request that a rigid 30-day deadline be imposed for defendants to submit a "commitment letter from a reliable funding source."  Such an artificial, arbitrary requirement overlooks the practical realities of the situation.  By all appearances, defendant Patel is doing everything he can to move the process forward, but certain timing-related factors are out of his control; therefore, imposing a mandatory deadline for Patel to obtain a written loan commitment appears unlikely to serve any constructive purpose, and could result in these proceedings suddenly devolving into a receivership outcome even on the cusp of a more favorable "win-win" result that could be achieved with just a little more patience.  To be sure, this is a fluid situation that bears close monitoring to ensure no abuses by defendants and to safeguard plaintiff's interests, and the Court has every intention of doing so.  However, setting a firm deadline for a loan commitment letter would not promote those objectives at this time.

-3-

For all of the foregoing reasons, it is **ordered** as follows:

1. Plaintiff's Renewed Motion for Appointment of Receiver (doc. 13) will be **held in abeyance** for another 30 days, through and including **June 17, 2015**;

2. Defendants are **ordered** to file another status report updating the contents of the May 11 Status Report with a comparable level of detail and specificity (although, as before, the names of particular Hilton or Trustmark Bank contacts may be omitted) on or before **June 17, 2015**; and

3. In the interim, defendants are **ordered** to submit (but not file with the Clerk of Court) weekly written updates (in letter, facsimile or e-mail form) to Fidelity Bank, beginning on **May 22, 2015**, with additional updates to be due on **May 29, 2015**; **June 5, 2015**; and **June 12, 2015**. Should Fidelity Bank believe that any information in those writings warrants judicial involvement prior to the June 17 status report deadline, it may file an appropriate motion at any time after conferring in good faith with defendants to attempt to resolve the issue informally.

DONE and ORDERED this 18th day of May, 2015.

             s/ WILLIAM H. STEELE
             CHIEF UNITED STATES DISTRICT JUDGE