IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **FIDELITY BANK,** | ) |
| Plaintiff, | ) ) ) |
| v. | )   CIVIL ACTION 15-0031-WS-M |
| **KEY HOTELS OF BREWTON, LLC**, *et al.*, | ) ) ) |
| Defendants. | ) |

### ORDER

This matter comes before the Court on Motion of Silver, Voit & Thompson, Attorneys at Law, P.C. to Withdraw as Counsel for Defendants Key Hotels of Brewton, LLC and Anand Patel (doc. 46).

The deteriorating relationship between defendants, Key Hotels of Brewton, LLC, and Anand Patel, and their counsel has been readily apparent for some time. Back on July 28, 2015, defendants' counsel filed their first Motion to Withdraw, asserting as grounds "that Defendants have failed to cooperate with counsel thereby making it impossible for counsel to represent the said Defendants and comply with the orders of the Court." (Doc. 33, at 1.) The very next day, defendants' counsel withdrew their original Motion to Withdraw for the stated reason that they had met with and reached an understanding with defendant Patel "that the problems of client cooperation … have been resolved and will not reoccur." (Doc. 36, at 1.)

Unfortunately, such a sentiment – like many other aspects of this case – appears to have been wishful thinking. On September 10, 2015, defendants' counsel renewed their Motion to Withdraw, citing the same "failure to cooperate" concerns that prompted their initial request. (Doc. 46, at 1.) From these circumstances, it is evident that defendants and their counsel of record have proven unable to work together and that the attorney-client relationship is unsalvageable at this point. In light of this fundamental breakdown, to force the Silver, Voit & Thompson firm to continue their representation of defendants in these proceedings would be to engage in a futile, inefficient and likely counterproductive endeavor. Accordingly, the Motion to

Withdraw as Counsel (doc. 46) is **granted**. Attorneys Lawrence B. Voit and Alexandra K. Garrett, and their law firm, Silver, Voit & Thompson, Attorneys at Law, P.C., are hereby deemed **withdrawn** from, and are relieved of, further representation of Key Hotels of Brewton, LLC and Anand Patel in these proceedings. The Clerk of Court is directed to terminate Attorneys Voit and Garrett as defendants' counsel of record.

In light of this development, defendant Anand Patel has two options. He may retain new counsel to represent his interests in these proceedings, in which case he must promptly notify the Court in writing of substitute counsel's identity, address and telephone number. Or, alternatively, Patel may elect to proceed without counsel and represent himself as a *pro se* litigant in this case. While Patel certainly is entitled to proceed *pro se* if he so chooses, he is cautioned that unrepresented litigants are expected to comply fully with applicable laws, procedural rules and court orders, and that neither this Court nor any other District Court judicial officers or personnel may give him legal advice or serve as *de facto* counsel on his behalf.[1] Defendant is **ordered** to notify the Court in writing on or before **October 8, 2015**, whether he has obtained new counsel (and, if so, to provide the name and contact information for same) or whether he intends to represent himself henceforth.

By contrast, defendant Key Hotels of Brewton, LLC, does not have the option of proceeding in this litigation without counsel. A business organization such as a limited liability company is an artificial entity that cannot appear in court *pro se* through a member or officer. *See, e.g., Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that ... cannot appear *pro se*, and must be represented by counsel."); *S.E.C. v. Merchant Capital, LLC*, 2012 WL 3205543, *1 n.2 (11th Cir. Sept. 11, 2012) ("It is well established, however, that a business organization cannot appear *pro se* and must be represented by counsel, not merely by a stockholder or officer.") (citation

---

[1] *See, e.g., Windham v. City of Fairhope, Ala.*, 20 F. Supp.3d 1323, 1334 n.14 (S.D. Ala. 2014) (recognizing that "even *pro se* litigants must comply with procedural rules and court orders" and that "this Court may not serve as *de facto* counsel for" *pro se* litigants) (citations omitted); *Quinn v. Deutsche Bank Nat. Trust Co.*, 2014 WL 1410430, *7 (S.D. Ala. Apr. 11, 2014) ("the inescapable fact remains that *every pro se* litigant is expected to comply with court orders and procedural rules"); General L.R. 83.5(a) ("All persons proceeding *pro se* shall be bound by, and must comply with, all Local Rules of this Court, as well as the Federal Rules of Civil and Criminal Procedure, unless excused by Court order.").

omitted). Simply put, Key Hotels cannot represent itself, nor can its managers, members, officers or employees file papers in this case on behalf of that entity unless they are licensed attorneys acting in a representative capacity. For this reason, it is imperative that Key Hotels retain substitute counsel immediately if it wishes to be heard or to defend in this action. Key Hotels is therefore **ordered**, on or before **October 8, 2015**, to notify the Court in writing of the name, address and telephone number of the substitute counsel it has retained to represent its interests in this action.

**Defendants are cautioned that failure to comply with this Order in a timely manner may result in entry of default or other sanctions against them upon motion by plaintiff.**

Also pending at this time is the Motion of Fidelity Bank to Establish Sale Procedures (doc. 48) filed on September 10, 2015. This Motion will be **held in abeyance** until the above-described representation issues are resolved, at which time a briefing schedule will be entered on the Motion to Establish Sale Procedures and the Court will act promptly to adjudicate same.

The Clerk of Court is **directed** to mail copies of this Order to defendants at the following addresses of record: Key Hotels of Brewton, LLC, c/o Anand Patel as Managing Member, 6401 Canebrake Road, Mobile AL 36695; and Anand Patel, 6401 Canebrake Road, Mobile AL 36695. Plaintiff is reminded that, until such time as new counsel may appear for defendants, it is responsible for serving hard copies of any new filings on defendants at their service addresses via first class mail, inasmuch as unrepresented litigants are generally not registered as participants in this District Court's CM/ECF electronic filing and notification system. *See* General L.R. 5(d).

DONE and ORDERED this 17th day of September, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE