IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **FIDELITY BANK,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 15-0031-WS-M |
| ) | |
| **KEY HOTELS OF BREWTON, LLC,** *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

    This matter comes before the Court on plaintiff's Motion to Show Cause why Defendants Should Not be Held in Contempt or Otherwise Deemed in Default (doc. 53).

    On September 17, 2015, the undersigned entered an Order (doc. 49) that authorized defendants' counsel of record to withdraw based on a fundamental breakdown in attorney-client communications.  The September 17 Order issued very clear directives to defendants, Anand Patel and Key Hotels of Brewton, LLC.  With respect to Patel, the September 17 Order stated as follows:  "Defendant is **ordered** to notify the Court in writing on or before **October 8, 2015**, whether he has obtained new counsel (and, if so, to provide the name and contact information for same) or whether he intends to represent himself henceforth."  (Doc. 49, at 2.)  As to defendant Key Hotels, the September 17 Order explained that artificial entities cannot represent themselves in federal litigation and ordered Key Hotels, "on or before **October 8, 2015**, to notify the Court in writing of the name, address and telephone number of the substitute counsel it has retained to represent its interests in this action."  (*Id.* at 3.)  The Clerk's Office mailed copies of the September 17 Order to Patel and Key Hotels at their addresses of record.

    In the wake of the September 17 Order, defendants have filed nothing.  To the undersigned's knowledge, they have contacted neither chambers' staff nor the Clerk's Office to make arrangements to satisfy the terms of the September 17 Order.  They have simply remained silent, in violation of the clear terms of that ruling.  The September 17 Order admonished defendants that noncompliance could result in dire consequences, with the following bold-type

warning: "**Defendants are cautioned that failure to comply with this Order in a timely manner may result in entry of default or other sanctions against them upon motion by plaintiff**." (Doc. 49, at 3.)

Given defendants' disregard of that warning and the resulting delays to the orderly administration of justice herein, the Court believes it would be entirely defensible to impose the sanction of default at this time.[1]  Should a default be entered, the Court would promptly take under submission plaintiff's Motion to Establish Sale Procedures (doc. 48) for the subject hotel property.  Nonetheless, plaintiff has requested that the undersigned afford Patel and Key Hotels one final opportunity to come into compliance, reasoning that defendants "have maintained a level of contact and communication with counsel for Fidelity" in recent weeks and that defendants' noncompliance "has not yet caused Fidelity any meaningful expense."  (Doc. 53.)

Under the circumstances, the Court agrees that plaintiff's proposed course of action is appropriate.  Accordingly, the Motion to Show Cause (doc. 53) is **granted**.  Defendants are **ordered**, on or before **November 9, 2015**, to **show cause** why default judgment should not be entered against them for their willful noncompliance with the September 17 Order.  What this means is this:  Unless defendants submit written filings or before the deadline that (i) provide a satisfactory explanation for their failure to comply with the September 17 Order in a timely manner, (ii) comply with that Order in full, and (iii) evince an intent to participate in this matter in a conscientious and diligent manner henceforth, the Court will exercise its inherent power to enter a default against them, then proceed to take up plaintiff's motion to have the hotel property auctioned.  If defendants wish to be heard and to defend their interests in this litigation, the time is now.  Defendants should expect no further lenience based on their unrepresented status.

DONE and ORDERED this 26th day of October, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] "A court may impose sanctions for litigation misconduct under its inherent power" upon a finding of bad faith. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1306 (11th Cir. 2009).  "A party demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order." *In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1304 (11th Cir. 2006) (citation and internal marks omitted).