IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **FIDELITY BANK,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 15-0031-WS-M |
| ) | |
| **KEY HOTELS OF BREWTON, LLC,** *et al.***,** ) | |
| ) | |
| Defendants. ) | |

**ORDER**

On November 16, 2015, the undersigned entered an Order (doc. 56) imposing the sanction of default against defendants, Key Hotels of Brewton, LLC, and Anand Patel, pursuant to the inherent powers of this Court. The November 16 Order detailed the facts and circumstances supporting the Court's determination that defendants had conducted themselves in bad faith via a pattern of unreasonable delay, contumacious conduct, and defiance of reasonable judicial directives. That Order also fixed deadlines for plaintiff to make an evidentiary submission on damages, and for defendants to respond to same. Plaintiff, Fidelity Bank, submitted an application and supporting exhibits in support of its requested damages award on November 25, 2015, serving copies on defendants at their address of record via U.S. Mail. (*See* docs. 58 & 59.) Despite being served with both the November 16 Order and Fidelity Bank's evidentiary submission, defendants elected to remain silent on the issue of damages. Their deadline for responding passed more than two weeks ago; therefore, questions of damages and entry of default judgment against Key Hotels and Patel are now squarely before the undersigned.

**I.      Relevant Background.**

By virtue of their default, defendants have admitted all well-pleaded factual allegations in the First Amended Complaint (doc. 5).[1] Those facts deemed admitted include, *inter alia*, the

---

[1] *See, e.g., Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) ("A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.") (citation and internal quotation marks omitted).

following: (i) Key Hotels and Patel executed a Loan Agreement in favor of Fidelity Bank on or about December 9, 2011, along with a Note in the amount of $2,010,000.00 (doc. 5, ¶¶ 7-8); (ii) to secure the indebtedness created under the Loan Agreement and Note, Key Hotels and Patel also executed a Security Agreement and a "Mortgage and Security Agreement" in favor of Fidelity Bank for the hotel property and personal property located at 1115 Douglas Avenue, Brewton, Alabama (*id.*, ¶¶ 9-10); (iii) although the Note provided for monthly installment payments of $14,400.27, defendants ceased making payments to Fidelity Bank, thereby placing them in default (*id.*, ¶¶ 8, 12); (iv) the Loan Agreement provides that a condition of default shall exist if the property is placed in danger of loss or the borrower discontinues business operations (*id.*, ¶ 11); (v) defendants were in non-monetary default because significant unrepaired damage to the hotel roof resulted in 71 of the 90 rooms being untenable (*id.*, ¶ 12); and (vi) Fidelity Bank gave written notice to defendants of both the monetary and non-monetary defaults on October 18, 2014, but defendants failed to cure same in a timely manner, or at all (*id.*).

On the strength of these and other factual allegations, Fidelity Bank asserted a claim against Key Hotels and Patel for breach of the Note, and demanded monetary damages in the form of unpaid principal, interest, attorney's fees and costs. (Doc. 5, ¶¶ 15-17.) Based on the well-pleaded facts alleged in the First Amended Complaint, the Court readily finds that Fidelity Bank has pleaded a cognizable claim for breach of the Note, so as to support entry of default judgment against defendants. In particular, those factual allegations identify specific provisions of the Note and Loan Agreement, and outline specific facts showing how Key Hotels and Patel breached those contractual obligations. As such, Fidelity Bank's pleading makes the necessary threshold factual showing to justify entry of default judgment on plaintiff's claim for breach of the Note. *See generally Graveling v. Castle Mortgage Co.*, 2015 WL 6847947, *6 (11th Cir. Nov. 9, 2015) ("A default is warranted only when there is a sufficient basis in the pleadings for the judgment entered – that is, when the factual allegations of the complaint state a claim for relief. … The requisite factual showing for a default judgment is similar to the factual showing necessary to survive a motion to dismiss for failure to state a claim.") (citations omitted); *North American Specialty Ins. Co. v. Southern Reinforcing, LLC*, 2014 WL 4322391, *1 (S.D. Ala. Aug. 29, 2014) ("before entering a default judgment for damages, the district court must ensure that the well-pleaded allegations of the complaint actually state a cause of action and that there is

a substantive, sufficient basis in the pleadings for the particular relief sought") (citations, internal marks and emphasis omitted).

## II.     Plaintiff's Proof of Damages.

Notwithstanding the propriety of default judgment, it remains incumbent on Fidelity Bank to prove its damages. "While well-pleaded facts in the complaint are deemed admitted, plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages." *Fun Charters, Inc. v. Vessel SHADY LADY, Official No. 681969*, 2015 WL 789751, *3 (S.D. Ala. Feb. 25, 2015) (citations omitted). "Even in the default judgment context, a court has an obligation to assure that there is a legitimate basis for any damage award it enters." *Id.* (citations and internal marks omitted).[2] Thus, the entry of default against Key Hotels of Brewton, LLC and Anand Patel, and the sufficiency of the factual allegations of the First Amended Complaint to state claims against them do not, in and of themselves, establish plaintiff's entitlement to any quantum of damages, much less the particular amounts recited in the pleadings. Fidelity Bank must prove its damages. Of course, such proof need not be to a level of absolute certainty; however, there must be a sufficient showing that the damages award is not speculative. *See, e.g., Atchafalaya Marine, LLC v. National Union Fire Ins. Co. of Pittsburgh, PA*, 959 F. Supp.2d 1313, 1327 (S.D. Ala. 2013) ("while the damages may not be determined by mere speculation or guess, it will be enough if the evidence show[s] the extent of the damages as a matter of just and reasonable inference, although the result be only approximate") (citations omitted); *Parsons v. Aaron*, 849 So.2d 932, 949 (Ala. 2002) (explaining that "[i]n computing damages for breach of contract, a jury need not achieve mathematical precision," as long as the record reveals "some reasonable basis for the amount of its award").

---

[2]     *See also Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) (even in default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters"); *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects the basis for award); *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001) (affirming lower court's decision not to award damages on default judgment, where requested damages were "speculative and not proven by a fair preponderance of the evidence").

Cognizant of its burden to establish a sound record basis for its claimed damages, Fidelity Bank has submitted the Declaration of Morten Oftedal, a Banking Officer for plaintiff, as well as accompanying exhibits to document each category of contractual damages it seeks.  As an initial matter, plaintiff presents evidence that it remains the holder of the loan documents at issue in the pleadings, such that Fidelity Bank (and not some other entity) would be entitled to recover damages resulting from the breach of such loan documents.  (Oftedal Decl. (doc. 59), ¶ 9.)  With respect to particular categories of damages, plaintiff's evidence reflects that the unpaid principal balance due and owing on the Note is **$1,880,858.34**.  (*Id.*, ¶ 7.)  On its face, the Note provides for an initial interest rate of 6.00% per year, which remains in place throughout the relevant time period.  (Doc. 59, Exh. B, ¶ 2.)[3]  From the date of default through January 5, 2016, the total accrued interest on the Note is **$128,788.00**.  (Oftedal Decl., ¶ 7.)[4]

Plaintiff also claims attorney's fees, which are recoverable as a matter of contract.  In particular, the Loan Agreement specifies that Key Hotels and Patel must reimburse Fidelity Bank for "any cost or expense, including, without limitation, reasonable attorney's fees, in connection with this Agreement, the Note or the Loan … with regard to the collection of amounts due [or] protection of Collateral."  (Doc. 59, Exh. A, § 8.5).[5]  Plaintiff's evidence is that Fidelity Bank

---

[3]   The express terms of the Note provide that the prevailing interest rate "will be 2.75% above the Prime Rate."  (*Id.*)  The Prime Rate remained at 3.25% for the entire period of the Loan Agreement until December 17, 2015, when the Prime Rate increased to 3.5%.  Plaintiff has not requested any re-computation or recalibration of its interest calculations to account for this modest increase in the Prime Rate – and the resulting contractual interest rate on the Note – from December 17, 2015 forward.  The Court will not *sua sponte* modify those calculations to take into consideration last month's hike in the Prime Rate; rather, the 6.00% contractual rate championed by plaintiff will be used for all interest calculations herein.

[4]   This amount is calculated as follows: $115,493.26 (accrued unpaid interest through November 23, 2015), plus $13,294.74 ($309.18/day * 43 days from November 24, 2015 through January 5, 2016, inclusive).  The per diem rate of $309.18 is calculated by taking the total principal balance, multiplying by .06 (the contractual interest rate), and dividing by 365.

[5]   The Loan Agreement is governed by Georgia law.  (*Id.*, § 8.4.)  As a matter of Georgia statute, "[o]bligations to pay attorney's fees upon any note or other evidence of indebtedness … shall be valid and enforceable and collectable as a part of such debt if such note or other evidence of indebtedness is collected by or through an attorney after maturity," Ga. Code Ann. § 13-1-11(a), where the debtor fails to pay principal and interest in full within 10 days after receipt of notice from the holder of its intent to enforce attorney's fee provisions. Plaintiff's evidence is that Fidelity Bank provided the requisite 10-day notice, but that defendants
(Continued)

has accrued legal fees in this matter in the amount of **$34,665.60**.  While it would have been preferable for plaintiff to provide an itemized breakdown of these fees showing hours worked, tasks performed, and hourly rates, the Court can make a reasonableness determination in the particular circumstances of this case based on record facts that this litigation has been pending for nearly a year, with extensive court filings, discovery (including the deposition of defendant Patel), settlement negotiations, and investigation / exploration of various permutations of relief sought in the form of selling the collateral to draw down the balance owed.  Given the substantial, obvious quantum of attorney time that has gone into this case, the claimed fees are reasonable on their face.  Therefore, the Court accepts the Oftedal Declaration's assertion as to the amount of fees incurred, and finds that amount reasonable without the need for submission of detailed invoices (as is typically required in these sorts of matters to establish reasonableness).

Pursuant to the foregoing discussion, then, the Court awards damages to Fidelity Bank in the total amount of **$2,044,311.94**, or the sum of $1,880,858.34 (unpaid principal balance) + $128,788.00 (accrued unpaid interest) + $34,665.60 (reasonable attorney's fees).[6]

### III.   Conclusion.

For all of the foregoing reasons, it is **ordered** that default judgment will be entered in favor of Fidelity Bank and against defendants Key Hotels of Brewton, LLC, and Anand Patel, jointly and severally, in the amount of **$2,044,311.94**, plus interest at the statutory rate from the date of entry of default judgment until paid.  A separate judgment will enter.

DONE and ORDERED this 5th day of January, 2016.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

failed to pay.  (Oftedal Decl., ¶ 6.)  As such, reasonable attorney's fees are properly awarded against Key Hotels and Patel as part of the judgment in this case, pursuant to the Loan Agreement and Georgia law.

[6]   Plaintiff also claims $10,430.83 in unidentified "expenses," "appraisals and other items properly chargeable," as well as "miscellaneous fees of $20.00." (Oftedal Decl., ¶¶ 7-8.)  However, plaintiff's evidentiary submission provides no identification of what these expenditures represent, and no explanation of how they are properly recoverable under the appropriate reasonableness test.  Because of these deficiencies in proof (and, indeed, the total absence of proof), the Court declines to award those amounts as part of the damages award against defendants.