IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FIDELITY BANK, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION 15-0031-WS-M |
| KEY HOTELS OF BREWTON, LLC, *et al.*, | ) |
| Defendants, | ) |
| and | ) |
| LUCKY IRISH PUB OF SARALAND, LLC, | ) |
| Garnishee. | ) |

**ORDER**

This matter comes before the Court on the garnishee's Motion to Set Aside Conditional Judgment (doc. 87). The undersigned entered a briefing schedule (doc. 88); however, plaintiff promptly responded by acknowledging that "the conditional judgment is due to be set aside" because garnishee "has satisfied the condition of the judgment by appearing and answering the Writ of Garnishment." (Doc. 89, ¶ 5.) Accordingly, the Motion to Set Aside Conditional Judgment filed by garnishee Lucky Irish Pub of Saraland, LLC ("Garnishee") is **granted**. The Conditional Judgment (doc. 85) entered against Garnishee on June 15, 2016 in the amount of $2,044,311.94 is hereby **set aside** and **vacated** pursuant to Alabama Code § 6-6-457.

Notwithstanding that ruling, a dispute between plaintiff Fidelity Bank and Garnishee remains. Contemporaneously with its Motion to Set Aside, Garnishee answered the writ of garnishment by stating under oath "that the company was not at the time the garnishment was filed, nor now or since, indebted to Defendant Anand Patel nor is or was the company in possession or control of effects belonging to Defendant Anand Patel." (Doc. 87, at 2.) Fidelity Bank responds by having its attorney of record "state under oath that I believe the answer to be untrue based upon my investigation to date." (Doc. 89, at 5.) In particular, Fidelity Bank points

to a magazine article that identified defendant Anand Patel as one of four owners of the Lucky Irish Pub & Grill, an eatery located at 3692 Airport Boulevard in Mobile, Alabama. (Doc. 89, Exh. B.) Obviously, that eatery's name is very similar to Garnishee's (Lucky Irish Pub of Saraland, LLC). Furthermore, David Shipman, whom Garnishee identifies as its manager, is also listed in the magazine as one of the owners of Lucky Irish Pub & Grill. Yet Garnishee represents that it "has never operated a business located at 3692 Airport Boulevard, Mobile, Alabama." (Doc. 87, at 1-2.)

To get to the bottom of the relationship (if any) between and among defendant Anand Patel, Garnishee, and Lucky Irish Pub & Grill, Fidelity Bank invokes a statutory procedure whereby a plaintiff "may controvert the answer of the garnishee by making oath within 30 days after notice of the filing of the answer that he believes it to be untrue." Ala. Code § 6-6-458. The Alabama statute directs that, in that event, "an issue must be made up, under the direction of the court, in which the plaintiff must allege in what respect the answer is untrue; and, if required by either party, a jury must be impaneled to try such issue." *Id.* Fidelity Bank calls for a period of discovery (including oral examination of Garnishee) pursuant to a provision stating that "the garnishee may, if required by the plaintiff, be examined orally in the presence of the court." Ala. Code § 6-6-450. After such discovery is completed, Fidelity Bank seeks "such further hearings or scheduling of motion practice as the Court may deem proper." (Doc. 89, ¶ 10.)

It occurs to the undersigned that the apparent confusion as to whether this Garnishee has anything to do with Lucky Irish Pub & Grill may be a mere misunderstanding that might be easily cleared up without resorting to the formal procedures of an issue being made up, oral examination of Garnishee, and potentially even empanelment of a jury. Significantly, the parties' filings do not reflect any substantive discussion or negotiation to date between counsel for Fidelity Bank and counsel for Lucky Irish Pub of Saraland, LLC, to explore whether a *bona fide* dispute exists here that requires the substantial expenditure of litigant and judicial resources contemplated by Fidelity Bank's filing. Accordingly, counsel for both plaintiff and Garnishee are **ordered** to engage in good-faith consultation, either in person or telephonically, to ascertain whether Fidelity Bank's assertion that it believes Garnishee's answer to be untrue might be resolved informally. Should those efforts succeed, then the parties must file a joint notice to that effect on or before **July 29, 2016**. Alternatively, should those attempts to resolve the matter informally fail, then on or before **August 5, 2016** the parties must file a joint proposal detailing

-3-

their agreement for how the §§ 6-6-450 and 6-6-458 procedures should be utilized in this case, including at a minimum the following: (i) a proposed date, time, location and duration for the oral examination of Garnishee pursuant to § 6-6-458; (ii) proposals for the time, quantity, format and contours of any other discovery the parties deem appropriate and believe to be authorized by applicable law where, as here, a plaintiff controverts a garnishee's answer; and (iii) proposed deadlines for the filing of written motions to resolve the issue made up by Fidelity Bank's challenge to the veracity of the answer filed by Garnishee.  That joint proposal must also contain a certification by counsel for both sides confirming that they have consulted with each other and with their clients in good faith to attempt to resolve Fidelity Bank's challenge to the veracity of Garnishee's answer, but that such consultations (in person or via telephone) were unsuccessful.

    DONE and ORDERED this 13th day of July, 2016.

                                          s/ WILLIAM H. STEELE
                                          CHIEF UNITED STATES DISTRICT JUDGE